**SO ORDERED.**

**SIGNED this 26 day of May, 2006.**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

_____
**John C. Cook**
**UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT FOR
### THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **Jamie Denise Trotter** | ) | **No. 05-11090** |
| | ) | **Chapter 13** |
| **Debtor** | ) | |

### M E M O R A N D U M

This case is before the court on the Motion to Reopen Case that the debtor filed on April 25, 2006. For the reasons that follow, the court is of the opinion that the motion should be denied.

On February 18, 2005, the debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Contemporaneously with the petition, the debtor filed an application seeking to delay the deadline for paying the filing fee until March 18, 2005, and the court granted the application five days later.

On March 29, 2005, the trustee abandoned all property of the estate and, on May 24, 2005, the deadline for filing complaints to bar discharge expired with no such complaints having been filed.

1

Thus, the court was ready to enter a discharge order and close the case. However, the filing fee had not yet been paid. Accordingly, on May 25, 2005, the court entered an order requiring the debtor to "pay the filing fee in full within 20 days from entry of this order or the case may be dismissed without further notice or hearing." The fee was not paid so, on June 17, 2005, the court entered an order dismissing the case. On September 21, 2005, the clerk closed the case.

The debtor's Motion to Reopen Case alleges that the debtor could not afford to pay the filing fee at the time the case was dismissed, but is now employed and can pay the fee. The motion suggests that reopening the case would not have any adverse effects because there was nothing left to be done in the case except to enter an order discharging the debtor's debts. On the other hand, the motion asserts, if the case is not reopened the debtor will be forced to incur the trouble and expense of filing a new bankruptcy petition. The court heard the argument of counsel on May 25, 2006, and, for the purposes of the motion, accepts the facts alleged therein and orally by counsel as true.

Reopening a dismissed case would not, in and of itself, result in any relief to the debtor. *See In re Rex*, 217 B.R. 57, 61 (Bankr. E.D. Pa. 1998). However, the court will treat the debtor's motion as seeking (1) to reopen the case, and (2) to vacate the order dismissing the case. *See*, *e.g.*, *Flores v. U.S. Trustee (In re Flores)*, 271 B.R. 213 (B.A.P. 10th Cir. 2001) (unpublished table decision), *available at* 2001 WL 543677, at *3; *Critical Care Support Services, Inc. v. United States (In re Critical Care Support Servs.)*, 236 B.R. 137, 140-41 (E.D.N.Y. 1999); *In re King*, 214 B.R. 334, 336 (Bankr. W.D. Tenn. 1997).

Although the motion does not identify the authority for the relief sought, the debtor's attorney argued at the hearing that he is relying on Rule 60 of the Federal Rules of Civil Procedure, as made applicable in bankruptcy cases by Rule 9024 of the Federal Rules of Bankruptcy Procedure. Those

rules do govern whether an order dismissing a bankruptcy case should be set aside. *E.g.*, *Terry v. Troxler*, 328 B.R. 460, 464 (M.D.N.C. 2005), *appeal dism'd*, Nos. 05-1436, 05-1437, 05-1438, 2006 WL 889735 (4th Cir. Apr. 5, 2006); *In re Tennant*, 318 B.R. 860, 866 n.4 (B.A.P. 9th Cir. 2004) (affirming denial of motion for relief from order dismissing case due to failure to file statement of financial affairs); *PonceBank v. Mem'l Prods. Co. (In re Mem'l Prods. Co.)*, 212 B.R. 178, 180 (B.A.P. 1st Cir. 1997); *Critical Care Support Services*, 236 B.R. at 140-45; *In re King*, 214 B.R. at 336.

Rule 60(b) requires a showing of one of six grounds for relief. The rule also requires that the motion be made within a reasonable time. "What constitutes a reasonable time depends on the facts of each case." *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 906 (6th Cir. 2006). The court concludes that, under the facts of this case, the motion filed more than 10 months after the entry of the dismissal order was not made within "reasonable time." *See*, *e.g.*, *id.* (holding that 11-month delay without identifying good reason for delay was unreasonable); *In re Garcia*, 115 B.R. 169, 170 (Bankr. N.D. Ind. 1990) (motion filed three months after dismissal of Chapter 13 case for failure timely to file plan).

Even if the motion had been timely, the debtor has not shown any of the six grounds for relief set forth in Rule 60(b). There was no "mistake, inadvertence, surprise, or excusable neglect," because the debtor knowingly failed to pay the filing fee. The debtor did not simply forget to pay the fee (despite two court orders) through mistake, inadvertence, or negligence.

The only other ground for relief to which the court has been directed is that set forth in Rule 60(b)(6), which permits relief for "any other reason justifying relief from the operation of the judgment." In that regard, the Sixth Circuit has adopted a very strict standard:

> [R]elief under Rule 60(b) is circumscribed by public policy favoring finality of judgments and termination of litigation. This is especially true in an application of subsection (6) of Rule 60(b), which applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule. This is because almost every conceivable ground for relief is covered under the other subsections of Rule 60(b). Consequently, courts must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity *mandate* relief.

*McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002) (quoting *Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001)). The debtor has shown no such exceptional or extraordinary circumstances here, as this case is no different from any pre-BAPCPA case in which the debtor could not afford to pay the filing fee and the case was dismissed under 11 U.S.C. § 707(a)(2).[*] Indeed, if the court were to grant the debtor's motion in this case, then every debtor whose case was dismissed for failure to pay the filing fee would be entitled to the same relief under similar circumstances, and any deadline for paying the filing fee in a bankruptcy case would become virtually meaningless. The provisions of Rule 60(b)(6) simply do not provide a basis for upsetting dismissal orders issued under 11 U.S.C. § 707(a)(2) long into the future.

Moreover, reopening the case and setting aside the order of dismissal would present a number of thorny issues. As one bankruptcy court explained:

> There are a number of problems that arise because the concept of reinstatement is so undefined. Therefore, the Court is reluctant to grant relief from an order of dismissal (*e.g.* to reinstate a case after dismissal) except in truly extraordinary

---

[*] The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 authorizes the court to waive the filing fee in a Chapter 7 case "if the court determines that such individual has income less than 150 percent of the income official poverty line . . . and is unable to pay that fee in installments." Pub. L. No. 109-9, § 418(2), 119 Stat. 23, 109, *codified at* 28 U.S.C. § 1930(f). However, that provision applies only in cases commenced on or after October 17, 2005. Pub. L. No. 109-9, § 1501(a), (b)(1), 119 Stat. at 216.

circumstances, after proof of entitlement under rule 59 or rule 60 of the Federal Rules of Civil Procedure, and only after careful consideration. Cure of a payment default would generally not be grounds for reinstatement. Illustrative of the kinds of problems that may occur from any other approach are these:

> a. Many of the provisions of the Bankruptcy Code take effect upon commencement of a case. They terminate upon dismissal. It is unclear whether these provisions are resurrected or changed by "reinstatement" of a case.

>> i. Bankruptcy Code § 362(a) effects a stay of creditor action when the petition is filed. The stay terminates upon dismissal of the case (Bankruptcy Code § 362(c)). There is no provision to resurrect the stay upon reinstatement.

>> ii. Bankruptcy Code § 349(b) provides that the dismissal of a case: (i) reinstates receiverships and custodianships, (ii) reinstates avoided transfers, (iii) reinstates voided liens, (iv) revests property in certain entities. Unless the order of dismissal is abrogated under rules 59 and 60, the effect of this section may make property subject to liens, change deadlines and actions for avoidance of liens, etc.

> b. Although it does not involve issues applicable to a chapter 13 case, the difficulties that arise because of the undefined status of reinstatement are illustrated by *In the Matter of Dunlap, Dunlap v. Sentry*, 217 F.3d 311 (5th Cir.2000).

*In re Noble*, No. 01-37926-H2-13, 2002 WL 31778056, at *1-*2 (Bankr. S.D. Tex. Sept. 26, 2002).

The debtor has not shown such exceptional circumstances that would justify "opening a can of worms" by reinstating a case that was dismissed more than 10 months ago.

Accordingly, the court will enter an separate order denying the debtor's Motion to Reopen Case.

###